# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROSA H. SALINAS,

        Plaintiff(s),

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION and CITIGROUP,

        Defendant(s).

2:13-CV-407 JCM (GWF)

**ORDER**

Presently before the court is defendant Federal National Mortgage Association's (Fannie Mae) motion to dismiss. (Doc. # 4).[1] *Pro se* plaintiff Rosa H. Salinas responded (doc. # 10), defendant replied (doc. # 11).

**I.    Background Facts**

The facts are not readily ascertainable from *pro se* plaintiff's complaint.[2] However, the court properly relies on judicially noticed documents to ascertain the facts of this matter.[3]

---

[1] Defendant Fannie Mae moves on its behalf only. Defendant Citigroup has not yet been served.

[2] Defendant requests that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc. # 4). Pursuant to Fed.R.Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court judicially notices the attached documents are they are matters of public record. (*See* doc. # 4, Exs. A-D).

[3] Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an

**James C. Mahan**
**U.S. District Judge**

On or about December 20, 2005, plaintiff purchased property located at 6912 Dipper Avenue, North Las Vegas, Nevada 89084 (the "property"). Plaintiff borrowed $337,500 from Countrywide Home Loans in the form of a promissory note to purchase the property. (Doc. # 4, Ex. A). The note was secured by a deed of trust against the property naming Mortgage Electronic Registration System, Inc. ("MERS") as beneficiary. (*Id.*). ReconTrust Company, N.A. ("ReconTrust") was named as trustee. (*Id.*).

On August 18, 2008, ReconTrust recorded a notice of default. (*Id.*, Ex. B). On November 19, 2008, ReconTrust recorded a notice of trustee's sale. (*Id.*, Ex. C). On August 11, 2010, ReconTrust recorded a recession of the notice of default. (*Id.*, Ex. D).

On February 14, 2013, plaintiff filed the instant complaint against defendants. Liberally construing plaintiff's complaint, it appears she is pleading causes of action for (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) quiet title.

## II.     Legal Standards

### A.     Rule 8

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

. . .

---

opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d at 908.

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**B.   Rule 9**

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be
2  harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from
3  unilaterally imposing upon the court, the parties and society enormous social and economic costs
4  absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)
5  (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

6  In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum,
7  identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings
8  rule. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

9  **III.   Discussion**

10  As an initial matter, the court is mindful "to liberally construe the 'inartful pleading' of pro
11  se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court will view plaintiff's
12  pleadings with the appropriate degree of leniency.[4]

13  **A.   Intentional & negligent misrepresentation**

14  To state a claim for intentional misrepresentation, plaintiff must prove: "(1) the defendant
15  made a false representation; (2) with the knowledge or belief that the representation was false (or
16  knowledge that it had an insufficient basis for making the representation); (3) and was made with
17  the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4)
18  plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result
19  of the reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). The torts
20  of intentional misrepresentation and negligent misrepresentation are related, the difference being
21  "that a negligent misrepresentation is made without a reasonable basis for believing its truthfulness."
22  *Id.* at 1170.

---

[4] However, the court notes that plaintiff's complaint is virtually identical to other foreclosure related complaints that are before this court. *See e.g.*, *Santivanes v. Bank of New York Mellon*, 2:13-CV-299-JCM-GWF, doc. # 1, ex. B. In fact, plaintiff's response is virtually identical to plaintiff Santivanes' response in case 2:13-CV-299-JCM-GWF, doc. # 7. Pleadings in the Ninth Circuit must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Here, plaintiff's misrepresentation claims are not pleaded with the requisite particularity under Rule 9(b)'s heightened pleading standard. Although the court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Specifically, plaintiff fails to provide the time, place, and substance of the alleged misrepresentation. *Vess*, 317 F.3d at 1106. Further, plaintiff does not sufficiently allege justifiable reliance as there are no factual assertions concerning her reliance on the alleged misrepresentations.

Because plaintiff's complaint fails to meet the requisite pleading standard; plaintiff's claims for intentional misrepresentation and negligent misrepresentation are dismissed.

**B.     Quiet title**

Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

Plaintiff has not alleged precisely what adverse interest she is seeking to quiet or that she has repaid her loan. This cause of action fails.

**C.     Relief sought**

Plaintiff seeks injunctive relief and reconveyance of the property. Injunctive relief is a remedy and not a cause of action. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and

1  proven his claims"). Additionally, plaintiff cannot show irreparable harm or a high enough likelihood
2  of success on the merits of any of the causes of action. Plaintiff's claim for injunctive relief is
3  dismissed.

4  **IV.    Conclusion**

5  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National
6  Mortgage Association's (Fannie Mae) motion to dismiss (doc. # 4) be, and the same hereby is,
7  **GRANTED**.  This action is dismissed against defendant Federal National Mortgage Association
8  only. This action remains open against Citigroup.[5]

9  DATED May 28, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[5] It does not appear that Citigroup has been served in this matter. Plaintiff has a limited time in which to serve defendant Citigroup. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice.").